UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CASSANDRA SALSGIVER, Individually and on behalf of all others similarly situated, | § § § § | Civil Action No. _____ |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| KINGDOM GUARD, LLC, DARRIN CROW, THE MICHAELSON GROUP HOLDINGS, LLC, and LEO MICHAEL PLEASANTS, | § § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | § § § | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b) |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Cassandra Salsgiver ("Plaintiff" or "Salsgiver") brings this action individually and on behalf of all others similarly situated ("Plaintiff and the Putative Class Members") who worked for Kingdom Guard, LLC ("Kingdom Guard"), Darrin Crow ("Crow"), The Michaelson Group Holdings, LLC ("MGH") and/or Michael Pleasants ("Pleasants") (collectively "Defendants") at any time during the relevant statutes of limitations through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938 and pursuant to Texas common law.

Plaintiff's claims are asserted as a collective action under Section 16(b) of the FLSA while his Texas common law claims are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3).

### I.
### OVERVIEW

1. This is a collective action to recover minimum wages, overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to Texas common law under Rule 23 of the Federal Rules of Civil Procedure.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants during the relevant statutes of limitation through the final disposition of this matter, and were not paid timely minimum wage or overtime compensation in violation of federal and state law.

3. Specifically, Plaintiff and the Putative Class Members have not been paid at all for any work completed on Defendant's behalf since early September 2018.

4. Moreover, Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, but Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Defendants not to pay overtime compensation, minimum wage or any wages at all since early September 2018 was neither reasonable nor in good faith.

6. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek, minimum wage or any wages at all since early September 2018.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas common law. Specifically, Plaintiff and the Putative Class Members performed the routine work of non-exempt security guards.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under Texas common law as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiffs also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Salsgiver designated herein be named as Class Representative for the Texas Common Law Class.

## II.
## THE PARTIES

11. Plaintiff Cassandra Salsgiver ("Salsgiver") was employed by Defendants during the relevant time period. Plaintiff Salsgiver did not receive minimum wage for all hours worked, wages when they were due, or any overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Class Members are those current and former workers who were employed by Defendants at any time during the relevant time period and have been subjected to the same illegal pay system under which Plaintiff Salsgiver worked and was paid.

13. Defendant Kingdom Guard, LLC ("Kingdom Guard") is a Texas limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **Darrin Crow, 195 Oak Valley, Livingston, Texas, 77351.**

14. Defendant Darrin Crow ("Crow") is the former owner of Kingdom Guard and, prior to August 18, 2018, an employer as defined by 29 U.S.C. § 203(d). Crow may be served at **195 Oak Valley, Livingston, Texas, 77351, or wherever he may be found**.

---

[1] The written consent of Cassandra Salsgiver is hereby attached as Exhibit "A."

15. Defendant The Michaelson Group Holdings, LLC, ("MGH") is a Texas limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **Leo Michael Pleasants, 7149 Lanyon Dr., Dallas, Texas 75227**.

16. Defendant Leo Michael Pleasants ("Pleasants") is an owner of Kingdom Guard, and an employer as defined by 29 U.S.C. § 203(d). Defendant Pleasants may be served at **7149 Lanyon Dr., Dallas, Texas 75227, or wherever he may be found**.

17. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have maintained common ownership, oversight and control over Kingdom Guard and Plaintiff and the Putative Class Members during the relevant time period. As a result, Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law, including the overtime and minimum wage provisions, with respect to the employment for the workweeks at issue in this case during the relevant time period.

### III.
### JURISDICTION AND VENUE

18. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

19. This Court has supplemental jurisdiction over the additional Texas common law claims pursuant to 28 U.S.C. § 1367.

20. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

21. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, Defendants have maintained a working presence in Port Aransas, Texas and Plaintiff Salsgiver worked in Port Aransas, Texas throughout her employment with Defendants, all of which are located within this District and Division.

23. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

24. Defendant Crow was the owner of Kingdom Guard, LLC ("Kingdom Guard"), until the time of its sale to Defendants The Michaelson Group Holdings, LLC ("MGH") and Leo Michael Pleasants ("Pleasants") on or about August 18, 2018. Upon information and belief, Defendants Pleasants and MGH are the current owners of Kingdom Guard.

25. Defendants provided (and continue to provide) security services relating to the ferry between Port Aransas and Aransas Pass.

26. Plaintiff and the Putative Class Members have provided security services for Defendants and have not been paid since early September 2018.

27. Plaintiff Salsgiver was employed by Defendants as a private security guard at the ferry between Port Aransas and Aransas Pass from approximately February 2017 until September 2018.

28. Plaintiff and the Putative Class Members' job duties consisted of hourly patrol of the ferry premises, monitoring the ferry gate and signing visitors in and out of the ferry premises.

29. Defendants Crow and Kingdom Guard were joint employers until approximately August 18, 2018.

30. Since approximately August 18, 2018, Defendants Pleasants, MGH, and Kingdom Guard have been joint employers of Plaintiff and the Putative Class Members.

31. Specifically, Defendants have dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of Kingdom Guard and/or its clients.

32. Prior to August 18, 2018, Defendant Crow frequently communicated with Plaintiff and the Putative Class Members about their work, including discussing any problems they had or concerns with the work environment, and answering any work-related questions posed by Plaintiff and the Putative Class Members.

33. In addition, Plaintiff and the Putative Class Members received their paychecks sometimes from Defendant Crow, and sometimes from Defendant Kingdom Guard, via United States mail.

34. During this same time period, Defendant Crow appointed a supervisor who assisted and provided direction to Plaintiff and the Putative Class Members just as Defendant Crow had.

35. That supervisor has continued (and continues) to work for Kingdom Guard since August 18, 2018, when it was acquired by Defendants Pleasants and MGH.

36. Defendants Pleasants and MGH have utilized (and continue to utilize) the supervisor to send communications to Plaintiff and the Putative Class Members regarding their job duties and pay (or lack thereof).

37. Further, Defendants Crow and Kingdom Guard, and later Defendants Pleasants and MGH, managed key internal relationships to Kingdom Guard—that is, they directed the financials of Kingdom Guard and controlled the compensation (or lack thereof) of Plaintiff and the Putative Class Members who directly or indirectly reported to Defendants.

38. Moreover, Defendant Crow, on behalf of Kingdom Guard, and later Defendants Pleasants and MGH, had the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

39. As a result, Defendants Crow are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law, including timely payment and overtime provisions, with respect to the employment for the workweeks at issue in this case.

40. Defendants paid Plaintiff and the Putative Class Members "straight time" – that is, an hourly rate for all hours worked, but did not pay overtime rates for hours worked over forty each week.

41. Defendants frequently paid Plaintiff and the Putative Class late, and in some instances, weeks after their scheduled pay dates.

42. Upon information and belief, Defendant Crow sold Kingdom Guard to Defendants MGH and Pleasants on or about August 18, 2018.

43. After the sale, Plaintiff Salsgiver continued to provide security guard services for Defendants.

44. Defendants Pleasants and MGH continued to pay Plaintiff and the Putative Class Members just as Defendant Crow had, including failing to compensate Plaintiff and the Putative Class overtime for all hours worked, overtime for all hours worked over forty each week, and failing to timely pay Plaintiff and the Putative Class on their regularly scheduled pay dates, all in violation of the FLSA and Texas common law.

45. Although it is well-known that employees like Plaintiff and the Putative Class Members are **_not exempt_** from overtime, are required to be paid for all hours worked at the federally mandated minimum wage rate and on their scheduled pay dates, Defendants did not pay Plaintiff and the Putative Class Members timely, did not pay minimum wage for all hours worked, and did not pay the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

46. Defendants knew or should have known they did not pay minimum wage for all hours worked, did not timely pay all wages owed and due, and also knew or should have known that Plaintiff and the Putative Class Members were not being paid overtime for all hours worked over forty each week in violation of the FLSA and Texas common law.

47. Defendants knew or should have known that their failure to pay minimum wage for all hours worked, timely pay all wages owed and due, and failure to pay overtime for all hours worked over forty each week would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

48. As a result of Defendants' corporate policy and practice of failing to pay Plaintiff and the Putative Class Members minimum wage for all hours worked, on their scheduled pay dates, and failing to pay Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA, Defendants pay policies and practices violate the FLSA and Texas common law.

49. Defendants have employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff Salsgiver.

50. Defendants are aware of their obligation to pay minimum wage for all hours worked wages, on their scheduled pay dates, and overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members but have failed to do so.

51. Accordingly, Defendants' pay policies and practices violate the FLSA and Texas common law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA COVERAGE**

52. All previous paragraphs are incorporated as though fully set forth herein.

53. The FLSA Collective is defined as:

**ALL SECURITY GUARDS WHO WERE EMPLOYED BY KINGDOM GUARD, LLC, DARRIN CROW, THE MICHAELSON GROUP HOLDINGS, LLC, AND/OR MICHAEL PLEASANT AT ANY TIME**

**FROM OCTOBER 4, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

54. At all material times, Defendants have been joint employers within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

55. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Defendants have had and continue to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

56. Specifically, Defendants purchased materials through commerce, including uniforms for Plaintiff and the Putative Class Members, and have conducted transactions through commerce, including the use of credit cards, phones and/or cell phones, United States mail, and electronic mail.

57. At all material times, Plaintiff and the FLSA Collective Members have been employees who were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

58. At all material times, Defendants have had (and continue to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

59. Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(2)(a), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed, and by additionally failing to pay such employees on their regularly scheduled pay dates.

60. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

61. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

62. The decision and practice by Defendants not to pay minimum wage for all hours worked, overtime for all hours worked over forty each week, and not to pay Plaintiff and the Putative Class Members on their scheduled pay dates, was neither reasonable nor in good faith.

63. Plaintiff and the FLSA Collective Members are entitled to minimum wage for all hours worked, overtime wages for all hours worked over forty each week pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages in an amount equal to their overtime wages, plus liquidated damages in an amount equal to their withheld minimum wages, in addition to attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

64. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Salsgiver.

65. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

66. The FLSA Collective Members are defined in Paragraph 53.

67. Defendants' systematic failure to pay minimum wage for all hours worked, timely pay wages for all hours worked, and overtime compensation for all hours worked over forty each week at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the FLSA Collective Members.

68. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

69. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

70. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely and properly compensated minimum wage for all hours worked and overtime for all hours worked in excess of forty (40) hours per workweek.

71. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt, blue-collar workers entitled to be paid minimum wage for all hours worked and overtime for all hours worked over forty (40) hours each workweek.

72. Defendants have employed (and continue to employ) numerous security guards throughout the State of Texas (and the United States) during the past three years.

73. Absent a collective action, many members of the proposed FLSA class will not likely obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

74. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

75. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 53 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.    VIOLATIONS OF TEXAS COMMON LAW**

76. All previous paragraphs are incorporated as though fully set forth herein.

77. Plaintiff further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D.

Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983).

78. The Texas Common-Law Class is defined as:

**ALL SECURITY GUARDS WHO WERE EMPLOYED BY KINGDOM GUARD, LLC, DARRIN CROW, THE MICHAELSON GROUP HOLDINGS, LLC, AND/OR MICHAEL PLEASANT, IN THE STATE OF TEXAS, AT ANY TIME FROM OCTOBER 4, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

79. The Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F.Supp.3d 860, 867 (S.D. Tex. 2014).

80. The Texas Common-Law Class Members provided valuable services for Defendants, at Defendants' direction and with Defendants' acquiescence.

81. Defendants accepted Plaintiff and the Texas Common-Law Class Members' services and benefited from their timely dedication to Defendants' policies and adherence to Defendants' schedule.

82. Defendants are aware that Plaintiff and the Texas Common-Law Class Members expected to be compensated for the services they provided to Defendants.

83. Defendants have therefore benefited from services rendered by Plaintiff and the Texas Common-Law Class Members, and Plaintiff and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

## B. TEXAS COMMON-LAW CLASS ALLEGATIONS

84. Plaintiff brings her Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Texas at any time since October 4, 2014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

85. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

86. The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

87. Plaintiff is a member of the Texas Common-Law Class, her claims are typical of the claims of the other Texas Common-Law Class Members, and Plaintiff has no interests that are antagonistic to or in conflict with the interests of the other class members.

88. Plaintiff and her counsel will fairly and adequately represent the Texas Common-Law Class Members and their interests.

89. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

90. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 78.

# VI.
# RELIEF SOUGHT

91. Plaintiff respectfully prays for judgment against Defendants as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 53 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Texas Common-Law Class as defined in Paragraph 78 and designating Plaintiff Salsgiver as the Class Representative of the Texas Common-Law Class;

e. For an Order pursuant to Texas common law awarding Plaintiff Salsgiver and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

f. For an Order awarding the costs and expenses of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff Salsgiver a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and,

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 4, 2018                           Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
       **Clif Alexander**
       Federal I.D. No. 1138436
       Texas Bar No. 24064805
       clif@a2xlaw.com
       **Austin W. Anderson**
       Federal I.D. No. 777114
       Texas Bar No. 24045189
       austin@a2xlaw.com
       **Lauren E. Braddy**
       Federal I.D. No. 1122168
       Texas Bar No. 24071993
       lauren@a2xlaw.com
       **Alan Clifton Gordon**
       Federal I.D. No. 19259
       Texas Bar No. 00793838
       cgordon@a2xlaw.com
       **Carter T. Hastings**
       Federal I.D. No. 3101064
       Texas Bar No. 24101879
       carter@a2xlaw.com
       **George Schimmel**
       Federal I.D. No. 2338068
       Texas Bar No. 24033039
       geordie@a2xlaw.com
       819 N. Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

       **Attorneys for Plaintiff and the Putative Class Members**