UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CASSANDRA  SALSGIVER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-324 |
| | § | |
| KINGDOM GUARD, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Strike and Dismiss Answer and Counterclaim of Defendants (D.E. 13).  Plaintiff first seeks to strike the answer and counterclaims as to Defendants Kingdom Guard, LLC and The Michaelson Group Holdings, LLC, as set out in their pleading (D.E. 11) for the reason that they are business entities not represented by an attorney.  The pleading is signed by Defendant Leo M. Pleasants, who Plaintiffs claim is an individual who is not a licensed attorney qualified to practice law before this Court.

Defendants Kingdom Guard and The Michaelson Group are limited liability companies, fictional legal persons that can only be represented in court by licensed counsel. *See, Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 54–56 (5th Cir. 1982) (per curiam); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981); *Mitchell v. Deutsche Bank & Tr. Co.*, No. 3:10-CV-1812-BH, 2012 WL 1670168, at \*3 (N.D. Tex. May 14, 2012) (applying the principle to limited liability companies).  This requirement for legal representation applies "even when the person seeking to represent the

corporation is its president and major stockholder." *In re K.M.A., Inc.*, 652 F.2d at 399 (citation omitted).

Pursuant to Local Rule 7.3, opposed motions will be submitted to the Court 21 days from filing. The motion was filed on November 19, 2018, and its submission date was December 10, 2018. Defendants have not filed a response to the motion. Instead, The Michaelson Group and Defendant Pleasants have filed a Motion to Dismiss (D.E. 15), again under the signature of Defendant Leo M. Pleasants, describing difficulties that Pleasants and The Michaelson Group have had in their intended acquisition of Kingdom Guard. On its face, this pleading negates any authority Defendant Pleasants may have claimed to represent the legal interests of Kingdom Guard. The document does not address Plaintiffs' motion to dismiss other than to acknowledge it and complain that Plaintiffs are seeking to deny Defendants due process and, as a consequence, the entire case should be dismissed. Defendants do not address the defect in their pleadings due to lack of proper representation for the limited liability companies.

Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition to the relief sought. After due consideration, the Court **GRANTS IN PART** the motion to strike and dismiss (D.E. 13) and **STRIKES** the answer and counterclaims of Defendants The Michaelson Group Holdings, LLC and Kingdom Guard, LLC for failure to appear by legal counsel. For the same reason, the Court **STRIKES** the motion to dismiss (D.E. 15) to the extent that it purports to be filed on behalf of Defendant The Michaelson Group Holdings, LLC.

These Defendants are hereby **PLACED ON NOTICE** that if they fail to appear and answer through qualified legal counsel by January 31, 2019, the Court may enter a default judgment against them without further notice. *See, e.g., Mount Vernon Fire Ins. v. Obodoechina*, No. CIV. A. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009).

The Court next considers the motion to strike and dismiss (D.E. 13) as to the counterclaims asserted by Defendant Leo M. Pleasants, appearing pro se. Again, Defendant Pleasants did not respond to the motion by the submission date and is presumed to have no opposition to the relief sought. Local Rule 7.4. Nonetheless, the Court considers the arguments on their merits.

This action seeks damages for the violation of the Fair Labor Standards Act (FLSA). Defendant Pleasants purports to assert counterclaims related to fraud, conspiracy, civil rights violations, defamation, interference with a contract, violation of policies of the Texas Department of Transportation (TxDOT), and violation of company policies. The Fifth Circuit has held that FLSA actions, seeking to bring an employer into compliance with federal wage and hour requirements, are not subject to offsetting counterclaims unless those counterclaims are based on wages paid—directly contradicting the FLSA claim. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010).

> The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history,

> interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor.

*Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

Defendant Pleasant's counterclaims are for extraneous matters that are not properly before the Court in the context of an FLSA case. While Defendant is free to bring his state law claims in state court or in a separate federal case (assuming jurisdiction can be established), they are not properly before the Court as claims offsetting Plaintiff's wage and hour claims. Defendant Pleasants' counterclaims are further devoid of sufficient facts under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and Federal Rule of Civil Procedure 9(b).

Pursuant to *Gagnon, Heard,* and *Twombly/Iqbal*, the Court GRANTS the motion to dismiss (D.E. 13) and DISMISSES Defendant Pleasants' counterclaims without prejudice.

ORDERED this 27th day of December, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE